United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 16, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20853
Summary Calendar
_____

TEXAS SOIL RECYCLING, INC; ET AL,

Plaintiffs,

BOBBY E. SELTZ; JOE R. CALVERT; LISA G. CALVERT,

Plaintiffs - Appellants

versus

INTERCARGO INSURANCE COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
Civil Docket #H-98-CV-278
_____

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In 1998, the appellants filed an action against Intercargo Insurance Company. Intercargo filed a counterclaim, alleging that the appellants breached an indemnity contract. The indemnity contract provides for reimbursement of attorneys' fees in

_____

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

any suit on the agreement. On March 28, 2000, the district court granted Intercargo summary judgment on its indemnity contract counterclaim and awarded Intercargo $86,563.95 in damages and $45,635.25 in attorneys' fees.

On April 7, 2000, the appellants filed a notice of appeal. On May 8, 2000, about five weeks after the district court entered judgment, Intercargo filed an untimely motion for clarification and attorneys' fees. See F.R.C.P. 54(d)(2) (requiring motions for attorneys' fees to be filed within 14 days after entry of judgment). Intercargo requested $79,517.19 in additional attorneys' fees for the work its counsel performed between the time it filed its motion for summary judgment and the court entered its final summary judgment order. The district court denied Intercargo's motion because the case was on appeal before this court.

This court affirmed the district court's grant of summary judgment in favor of Intercargo and recognized Intercargo's right to proceed under Rule 60(a) in the district court. In December 2001, Intercargo filed a motion to supplement its prior motion to clarify; Intercargo requested $26,146.72 in attorneys' fees to cover the appeal in addition to the relief previously requested. The district court granted Intercargo's motion, revising its previous order to award Intercargo $86,563.95 in damages and $151,299.16 in attorneys' fees.

The appellants argue that the district court erred in

granting Intercargo's motion.  We disagree in part.  Under Rule 6(b)(2), the district court properly allowed Intercargo to file its motion outside the 14-day time limit because Intercargo's failure to act was due to "excusable neglect."  Through no fault of its own, Intercargo did not receive notice of the district court's final judgment.[2]  When it discovered the error, Intercargo promptly contacted the district court and filed its motion within a few days.[3]

Moreover, insofar as Intercargo's motion sought to gain fees incurred before the trial court's entry of judgment, the court properly corrected an error "arising from oversight" under Rule 60(a).[4]  Rule 60(a) allows the district court to modify a judgment

---

[2]Prior to the entry of judgment, the district court clerk erroneously terminated Intercargo from the case when the court dismissed an intervenor's claims.  Intercargo therefore did not receive notice of the district court's final summary judgment until it received a copy of the appellants' transcript order on April 26, 2000.

[3]The appellants' reliance on In re Morrow, 502 F.2d 520 (5th Cir. 1974), to argue that failure on the part of a court's clerk to notify a party of the entry of judgment, without more, does not permit the court to expand the time for a party under Rule 6(b) is misplaced.  Morrow's holding applies only to the time for a party to appeal and is controlled by Rule 77(d), which provides that "lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure."

[4]Rule 60(a) provides:

Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any

to reflect the actual intention of the court. <u>United States v. Kellogg</u>, 12 F.3d 497, 504 (5th Cir. 1994). Here, the district court intended to award Intercargo attorneys' fees; the absence of the additional attorneys' fees in the final judgment was due to an oversight by the court. The additional attorneys' fees included in the modified judgment do not affect the substantive rights of the parties. <u>Id.</u> The evidence supporting the additional award of attorneys' fees is identical in form to the evidence supporting the first award of attorneys' fees and is sufficient to support the modified award.

On the other hand, Intercargo's request for attorneys' fees generated by the appeal is untimely in two ways. No prospective request for such fees was included in Intercargo's initial fee motions in the district court, and Intercargo failed to request such fees during the first appeal. The district court abused its discretion in awarding appellate attorneys' fees pursuant to Rule 60(a).

For the foregoing reasons, the district court judgment is affirmed, as modified to eliminate the request for attorneys' fees incurred on appeal by Intercargo.

**AFFIRMED** as **MODIFIED**.

---

party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.